IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MARYLAND

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E.W. SCRIPPS COMPANY, CAPITOL BROADCASTING COMPANY, INCORPORATED, AUDACY INC., iHEARTMEDIA INC.; and DOES 105;<br><br>　　　　　Defendants. | Case No _____ |

## DEFENDANT CAPITOL BROADCASTING COMPANY, INCORPORATED NOTICE OF REMOVAL

Defendant Capitol Broadcasting Company, Incorporated ("Capitol"), by and through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(b), and 28 U.S.C. § 1446 to remove this case from the Circuit Court of Baltimore City, Maryland, to the United States District Court for the District of Maryland based on the diversity of citizenship of the parties and the amount in controversy exceeding $75,000. In support of this Notice of Removal, Capitol states as follows:

1.　On March 13, 2025, Plaintiff filed a Complaint in the Circuit Court of Baltimore City, Maryland (No. C-24-CV-25-002091).

2.　Thereafter, on or about May 28, 2025, plaintiff filed a First Amended Complaint and caused a summons to be issued to Capitol. True and correct copies of the First Amended Complaint and summons are attached as **Exhibit A**.

3.　Service of the Complaint was made on the Registered Agent for Capitol on June 30, 2025.

4. With respect to the parties in this case, according to the First Amended Complaint:

    a. Plaintiff is citizen and resident of Cockeysville, Maryland. *See* Ex. A, ¶ 1;

    b. Defendant [The] E.W. Scripps Company is a company headquartered in Cincinnati, Ohio, and records available online from the Ohio Secretary of State indicate that the company is also incorporated in Ohio. *Id.*, ¶ 2;

    c. Defendant Capitol is a North Carolina corporation headquartered in Raleigh, North Carolina. *Id.*, ¶ 3;

    d. Defendant Audacy, Inc. is a company headquartered in Philadelphia, Pennsylvania, and records available online from the Pennsylvania and Delaware Secretaries of State indicate that the company is incorporated in Delaware. *Id.*, ¶ 4;

    e. Defendant iHeartMedia, Inc. is a company headquartered in San Antonio, Texas, and records online from the Texas and Delaware Secretaries of State indicate that the company is incorporated in Delaware. *Id.*, ¶ 5; and

    f. Does 1-5 are fictitious and otherwise not known or identified, *id.*, ¶ and thus should be disregarded pursuant to 28 U.S.C. § 1441(b)(1).

5. None of the defendants identified in the First Amended Complaint is a citizen or resident of Maryland for purposes of diversity jurisdiction.

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)(B) because it is being filed within 30 days of service of the Complaint.

7. The date on or before which Capitol is required by the Rules of Procedure of the State of Maryland to answer or otherwise respond to Plaintiff's First Amended Complaint has not lapsed.

8. Venue is proper in this District because the lawsuit was originally filed in the Circuit Court of Baltimore City, Maryland.

9. Capitol reserves the right to amend or supplement this Notice of Removal.

## I. PLAINTIFF'S CLAIMS

10. Plaintiff alleges that E.W. Scripps is liable to her because it was the owner of a radio station B-104 located in Baltimore City, Maryland, in the early to mid-1980s which employed a DJ who allegedly sexually assaulted her when she was a minor.

11. A different North Carolina Corporation, Capitol Broadcasting Company of Baltimore, Inc., which according to records accessible online from the North Carolina Secretary of State was dissolved in 2002, acquired the assets of B-104 from The E.W. Scripps Company in 1993 and sold its assets to Audacy, Inc. in 1994. *See* Ex. A, ¶¶ 3-4.

12. Plaintiff asserts three claims against defendants: (1) Negligence, *id.*, at ¶¶ 43-57; (2) Negligent Retention and Supervision, *id.* at ¶¶ 58-66; and (3) Premises Liability, *id.* at ¶¶ 67-76.

13. Plaintiff demands that the Court award damages against defendants, including Capitol, in an amount exceeding $75,000 together with plaintiff's "costs, attorney's fees, expenses, and such other relief as the Court may deem appropriate." Ex. A at "Prayer for Relief."

## II. GROUNDS FOR REMOVAL

### A. The Notice of Removal is Timely

14. This lawsuit is a civil action. This lawsuit has not been tried.

15. Pursuant to 28 U.S.C. § 1446(b)(2)(B), Capitol has 30 days after service of Plaintiff's First Amended Complaint to file this Notice of Removal.

16. Plaintiff filed her First Amended Complaint in the Circuit Court of Baltimore City, Maryland on May 28, 2025. *See* Ex. A.

17. Capitol was served and first became of on the lawsuit on June 30, 2025.

18. Because Capitol has filed this Notice of Removal within 30 days of June 30, 2025, this Notice of Removal is timely.

**B.     There is Complete Diversity of Citizenship**

19. This action is properly removed under 28 U.S.C. § 1332(a).

20. There is complete diversity of citizenship because plaintiff is a citizen of Maryland and all identified defendants are citizens of foreign states.

21. Under 28 U.S.C. § 1332(a), diversity of citizenship exists where the action is between "citizens of different states" or is between "citizens of a State and citizens or subjects of a foreign state[.]"

22. For purposes of diversity jurisdiction, the citizenship of a corporation is the citizenship of the state of its incorporation and where it has its principal place of business. 28 U.S.C. § 1332(c).

23. Plaintiff is a citizen of Maryland.

24. The E.W. Scripps Company is an Ohio corporation headquartered in Cincinnati, Ohio.

25. Capitol is a North Carolina corporation headquartered in Raleigh, North Carolina.

26. Audacy, Inc. is a Delaware corporation headquartered in Philadelphia, Pennsylvania.

27. iHeartMedia, Inc. is a company headquartered in San Antonio, Texas, and records online from the Texas and Delaware Secretaries of State indicate that the company is incorporated in Delaware. *See* Ex. A, ¶ 5; and

28. Does 1-5 are fictitious and otherwise not known or identified and should be disregarded for purposes of removal to federal court. 28 U.S.C. § 1441(b)(1).

29. Therefore, this lawsuit satisfies the complete diversity requirement of 28 U.S.C. § 1332 because plaintiff is a citizen of Maryland and defendants are citizens of foreign states.

### C. The Amount in Controversy Exceeds $75,000

30. "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

31. While plaintiff does not specify the exact amount of damages she seeks in the First Amended Complaint, it is evident that she seeks damages greater than $75,000.

32. While Capitol denies any liability and denies that Plaintiff suffered any damages, taking Plaintiff's legal theories and allegations as true for purposes of this Notice of Removal <u>only</u>, Plaintiff's alleged damages plausibly exceed $75,000.

33. Capitol disputes plaintiff's legal theories in their entirety and many of factual allegations. Capitol expressly denies any liability and denies that plaintiff is entitled to recover any of the damages plaintiff seeks in the First Amended Complaint. However, accepting Plaintiff's legal theories and factual allegations as true for purposes of this Notice of Removal <u>only</u>, Plaintiff

alleges more than $75,000 in damages. Thus, the jurisdictional amount-in-controversy requirement is met.

34. A copy of this Notice of Removal will be served upon counsel for plaintiff and filed with the Circuit Court of Baltimore City, Maryland as required by 28 U.S.C. § 1446(d).

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Baltimore City, Maryland to the United States District Court for District of Maryland.

Dated:  July 30, 2025

CAPITOL BROADCASTING COMPANY, INCORPORATED

/s/ *Brian W. Stolarz*

_____
Brian Stolarz (MD Bar No. 14269)
Matthew H. Kirtland (MD Bar No. 26089)
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501
P:  202-662-2000
F:  202-662-4643
brian.stolarz@nortonrosefulbright.com
matthew.kirtland@nortonrosefulbright.com

*Counsel for Defendant Capitol Broadcasting Company, Incorporated*

## CERTIFICATE OF SERVICE

Undersigned hereby certifies that on July 30, 2025 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to attorneys of record and notice will be sent to adverse parties pursuant to 28 U.S.C. § 1446(d) and copies of the foregoing was sent by mail, postage prepaid, and via email, at the addresses shown below:

Patrick A. Malone
Daniel Cortlandt Scialpi
Samuel Martin
Patrick Malone & Associates, P.C.
1310 L St. NW #800
Washington, DC 20005
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com
smartin@patrickmalonelaw.com

Sharon F. Iskra
Bailey Glasser LLP
209 Capitol Street
Charleston, WV 25301
siskra@baileyglasser.com

E.W. SCRIPPS COMPANY
312 Walnut Street; Ste. 2800
Cincinnati, OH 45202
c/o
Corporation Service Company
1169 Dublin Road, Suite 400
Columbus, OH 43215

AUDACY, INC.
2400 Market Street, 4th Floor
Philadelphia, PA 19103
c/o
The Corporation Trust Incorporated
2405 York Road, Suite 201
Lutherville, Timonium, MD 21093

iHEARTMEDIA INC.
20880 Stone Oak Parkway
San Antonio, TX 78258
The Corporation Trust Incorporated
2405 York Road, Suite 201
Lutherville, Timonium MD 21093

*/s/ Matthew H. Kirtland*

_____
Matthew H. Kirtland