

CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND
CIVIL DIVISION
111 N. Calvert Street
Baltimore, Maryland 21202

Main: 410-333-3733
Civil: 410-333-3722
Criminal: 410-333-3750
Family: 410-333-3709/3738
Juvenile: 443-263-6300

To: CAPITOL BROADCASTING CO., INC
SERVE: JENNIFER V. VENABLE
2619 WESTERN BOULEVARD
RALEIGH, NC 27606

Case Number: C-24-CV-25-002091
Other Reference Number(s):
Child Support Enforcement Number:

JANE DOE VS. E.W. SCRIPPS COMPANY, ET AL.

Issue Date: 5/30/2025

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this court, to the attached complaint filed by:

JANE DOE.
NA
Cockeysville, MD 21030

This summons is effective for service only if served within 60 days after the date it is issued.

Xavier A. Conaway
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

| | |
|---|---|
| Jane Doe vs. E.W. Scripps Company, et al. | Circuit Court for Baltimore City<br>Case Number: C-24-CV-25-002091 |

## SHERIFF'S RETURN
### (please print)

To: CAPITOL BROADCASTING CO., INC

_____ ID# _____ of the _____
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _____
Name of person served

on _____ at _____
Date of service                    Location of service

_____ by _____ with the following:
                          Manner of service

☐ Summons                          ☐ Counter-Complaint
☐ Complaint                        ☐ Domestic Case Information Report
☐ Motions                          ☐ Financial Statement
☐ Petition and Show Cause Order    ☐ Interrogatories
☐ Other _____
         Please specify

(2) Was unable to serve because:
☐ Moved left no forwarding address    ☐ No such address
☐ Address not in jurisdiction         ☐ Other
                                      _____
                                      Please specify

Sheriff fee: $ _____    ☐ waived by _____

_____    _____
Date               Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:
1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

IN THE CIRCUIT COURT OF BALTIMORE CITY, MARYLAND

JANE DOE, :
: 
    Plaintiff, :
:
v. : Case No. C-24-CV-25-002091
:
E.W. SCRIPPS COMPANY, :
312 Walnut Street, Ste. 2800 :
Cincinnati, OH 45202 :
Serve: Corporation Service Company :
      1160 Dublin Road, Suite 400 :
      Columbus, OH 43215 :
:
and :
:
CAPITOL BROADCASTING :
COMPANY, INC., :
2619 Western Boulevard :
Raleigh, NC 27606 :
Serve: Jennifer V. Venable :
      2619 Western Boulevard :
      Raleigh, NC 27606 :
:
and :
:
AUDACY, INC., :
2400 Market Street, 4th Floor :
Philadelphia, PA 19103 :
Serve: The Corporation Trust Incorporated :
      2405 York Road, Suite 201 :
      Lutherville Timonium, MD 21093 :
:
and :
:
iHEARTMEDIA Inc., :
20880 Stone Oak Parkway :
San Antonio, TX 78258 :
Serve: The Corporation Trust Incorporated :
      2405 York Road, Suite 201 :
      Lutherville Timonium, MD 21093 :
:
and :

DOES 1-5,                                          :

    **Defendants.**                              :

---

### FIRST AMENDED COMPLAINT

    **NOW COMES** Plaintiff, by counsel, and amends her Complaint as permitted by MD Rule 2-341(a). After further research, and in light of the recent modifications to the Maryland Child Victims Act, Plaintiff names additional parties to this action believed to be successors in liability, stating as follows:

### Parties

1. The Plaintiff is an adult resident and citizen of Cockeysville, Maryland. Given the sensitive nature of her claims, Plaintiff seeks to file as "Jane Doe" as requested in her Motion to Proceed Under Pseudonym, filed contemporaneously herewith.

2. The Defendant, The E.W. Scripps Company, is a corporation headquartered in Cincinnati, Ohio which operated radio stations in Baltimore City, Maryland at times relevant to this litigation, and which continues to operate within this district today.

3. The Defendant, Capitol Broadcasting Company, Inc., is a corporation headquartered in Raleigh, North Carolina which purchased the B-104 radio station in Baltimore, Maryland from The E.W. Scripps Company in 1993.

4. The Defendant, Audacy, Inc., is a corporation headquartered in Philadelphia, Pennsylvania, which purchased the B-104 radio station in Baltimore, Maryland from Capitol Broadcasting Company, Inc., in 1994.

5. The Defendant, iHEARTMEDIA, Inc., is a corporation headquartered in San Antonio, Texas which purchased the B-104 radio station in Baltimore, Maryland in 1998 and which continues to operate that radio station within this district today.

6. The Defendants, DOES 1-5, are additional owners or operators/successive owners of B-104 radio station, now known and operating as Z104. The identities of DOES 1-5 are not presently known to Plaintiff, but she will amend this Complaint to identify them after early discovery.

7. Each entity above, and their predecessors/assigns currently unknown to Plaintiff, are collectively referred to herein as "Defendants".

8. Upon information and belief, Defendants Capitol Broadcasting Company, Inc.; Audacy, Inc.; iHEARTMEDIA, Inc. and/or DOES 1-5 acquired assets and liabilities of B-104 when they purchased and/or assumed its operations and are therefore liable as successors in interest for the events complained of herein. The details of the arrangements and transactions among these entities are not available to Plaintiff pre-suit, but will be uncovered through early discovery, and unnecessary parties dismissed.

9. Defendants Capitol Broadcasting Company, Inc.; Audacy, Inc.; and iHEARTMEDIA, Inc. and DOES 1-5 are herein alleged to be liable as successors and surviving companies based on one or more of the following: (1) an express or implied assumption of liability; (2) transactions among them and other Defendants amounting to consolidation or a merger, including (a) continuity of management, personnel, physical location, assets, and general business operations; (b) continuity of ownership; (c) prompt cessation of the seller company's operations; and (c) assumption by the purchaser of obligations ordinarily necessary for the uninterrupted continuation of normal business operations by the seller; and/or (3) these Defendants are mere continuations of the predecessor companies defendant.

10. In each allegation against Defendants herein, Defendants Capitol Broadcasting Company, Inc.; Audacy, Inc.; and iHEARTMEDIA, Inc. and DOES 1-5 are alleged to be liable as successors in interest and surviving companies.

### Jurisdiction and Venue

11. Jurisdiction is proper under Md. Code, Cts. & Jud. Proc. § 6-103 because Defendants transact business in Maryland and caused tortious injury in Maryland.

12. Venue is proper under Md. Code, Cts. & Jud. Proc. § 6-202(8) because the events complained of herein occurred in Baltimore City, Maryland.

13. Venue is proper under Md. Code, Cts. & Jud. Proc. § 6-201 because Defendants carry on a regular business in Baltimore City, Maryland.

14. This action arises from claims of sexual abuse as defined in Md. Code, Cts, & Jud. Proc. § 5-117.

15. Plaintiff's claims are not time-barred because they arise from incidents of sexual abuse that occurred while she was a minor. Md. Code, Cts. & Jud. Proc. § 5-117(b).

### Facts

16. Defendants owned and operated the radio station known as B-104 (in Baltimore City) at times relevant to this litigation.

17. Defendants employed a disc jockey known as Robert Naftel at this station.

18. Mr. Naftel had a bold radio personality which attracted listeners, increased Defendants' ratings and presence in the listening area, and otherwise profited Defendants.

19. Specifically, Mr. Naftel was known under the air name "DJ Willie B", and through his employment as this public figure, gained notoriety for both Defendants and himself as Defendants' employee and agent.

4

20. Unfortunately, during the years 1982-1985 and possibly at other times which may be uncovered through discovery, "DJ Willie B" used his status and notoriety as Defendants' disc jockey to attract the attention of underage girls.

21. "DJ Willie B" began courting underaged girls (including Plaintiff) on Defendants' phone line when the girls would dial in to request music.

22. "DJ Willie B" then advanced to grooming these underaged girls, including Plaintiff, by offering to give them tours of Defendants' B-104 radio station on the weekends or other times when few staff members were present.

23. "DJ Willie B" enjoyed even the trust of the girls' parents, who assumed from his profile with B-104 that he was a safe individual and that their children were protected while in his company on the grounds of the B-104 radio station.

24. "DJ Willie B" groomed these underaged girls (including Plaintiff) by promising them gifts and special privileges at Defendants' station designed to increase their trust, attraction and infatuation with him.

25. After luring Plaintiff to Defendant's B-104 radio station, and while unsupervised with her within its building, "DJ Willie B" made sexual advances upon Plaintiff which included kissing, fondling, and eventually oral sex.

26. Because of her young age, Plaintiff could not understand that she was being manipulated and, in fact, abused. "DJ Willie B" led her to believe they had a special relationship that must be kept secret, and that he genuinely cared for her.

27. "DJ Willie B" otherwise normalized the relationship with Plaintiff so she would continue acquiescing to his abuse.

28. Sexual assaults like those described above occurred multiple times at Defendants' B-104 radio station while Plaintiff was 11 to 14 years of age, between the years 1982-1985.

29. On two other occasions between the years 1982 and 1985, "DJ Willie B" directed Plaintiff to meet him in the woods by Lake Montebello. He sexually assaulted her there and drove her home afterward.

30. These episodes came to a halt when Plaintiff entered high school and began dating.

31. Plaintiff's boyfriend acted as if he did not believe Plaintiff when she told him what had occurred between her and "DJ Willie B". He and his friend then enticed Plaintiff to prove it by calling "DJ Willie B" and inviting him back to the Lake Montebello woods.

32. When "DJ Willie B" met Plaintiff in the woods, he again made a sexual advance toward her.

33. Plaintiff's boyfriend and his friend then emerged out of hiding and brutally assaulted "DJ Willie B", inflicting serious injuries.

34. Plaintiff had not been privy to this plan and ran home in terror when the assault took place.

35. In the wake of the ensuing media attention, and out of concern for her tender age, Plaintiff's family sought to protect her from repercussions and humiliation and instructed her to remain quiet about the sexual assaults.

36. Plaintiff nonetheless cooperated with detectives and criminal investigations of Mr. Naftel/ "DJ Willie B".

37. Upon information, through the course of those investigations, other girls came forward who had also been systematically groomed and sexually assaulted by "DJ Willie B" on the grounds of Defendants' B-104 radio station.

38. Mr. Naftel, aka "DJ Willie B", was charged with multiple counts of sexually molesting Plaintiff and, upon information, with two additional counts of molesting a second girl in 1984.

39. Ultimately, Mr. Naftel, aka "DJ Willie B", pled guilty to third degree sexual offenses, including charges relating to his sexual assaults upon Plaintiff.

40. However, Mr. Naftel degraded what he had done to Plaintiff and publicly said his guilty plea was "no worse than a speeding ticket". This and other comments by Mr. Naftel, coupled with the lack of any appropriate response from Defendants, further injured Plaintiff.

41. Plaintiff is now over age 50 and is still living with the aftermath of the sexual assaults upon her at ages 11-14 and these ensuing events.

42. As a direct and proximate result of the events complained of herein, Plaintiff has been injured in body and mind as set forth more precisely in counts below.

## COUNT I: NEGLIGENCE

43. The preceding paragraphs are incorporated by reference as if set forth in their entirety herein.

44. "DJ Willie B" was acting in the scope of his employment at all times relevant to this litigation.

45. Even his lure of Plaintiff off-site was accomplished after he had groomed her and earned her trust and infatuation based on his stature as Defendants' disc jockey.

46. Defendants, in permitting underaged girls (including Plaintiff) to interact with their employee/disc jockey, and especially in permitting Plaintiff to visit its B-104 radio station without parents present, stood as custodian *in loco parentis* to Plaintiff, and thereby owed

a special duty of care and/or was in a fiduciary relationship with her, as she was a vulnerable, unaccompanied minor in their facility.

47. Among other duties, Defendants had a duty to take reasonable measures to protect Plaintiff and other children from sexual abuse.

48. Defendants negligently permitted "DJ Willie B" to groom and entice underage girls into relationships with him by virtue of his status as its disc jockey.

49. Defendants negligently permitted "DJ Willie B" to fraternize with underage girls unsupervised within their B-104 radio station, and thereby gave him access and opportunity by which he could sexually assault them.

50. It was foreseeable to Defendants that underaged girls may become attracted to and/or infatuated with an adult disc jockey such as "DJ Willie B", whom they viewed as a public icon, and that such infatuation could easily be abused by their employee/disc jockey.

51. Defendants owed a duty of care to protect underage girls, and specifically Plaintiff, from such abuse.

52. Defendants breached this duty and such other duties as may become apparent through further investigation and discovery.

53. Defendants knew or should have known that "DJ Willie B" was forming relationships and/or specifically perpetrating on underaged girls, including but not limited to Plaintiff.

54. Defendants failed to act to prevent such sexual abuse from occurring.

55. In particular, Defendants failed to create and/or failed to enforce appropriate policies prohibiting the fraternization between disc jockeys and underaged girls which gave rise to the exploitation of Plaintiff.

56. Defendants failed to prevent such sexual abuse in other ways which may become apparent through further investigation and discovery.

57. As a direct and proximate result of these breaches of care, or any one or more of them, Plaintiff was harmed and suffered losses as follows:

   a. Physical injuries and/or disfigurement, past and continuing into the future;

   b. Severe emotional distress; past and continuing into the future;

   c. Expenses relating to medical care and treatment, past and continuing into the future;

   d. Lost wages and lost opportunities, past and continuing into the future;

   e. Other economic losses, past and continuing into the future;

   f. Loss of enjoyment of life, past and continuing into the future;

   g. Litigation fees and expenses;

   h. Prejudgment and post-judgment interests at the legally prescribed rates;

   i. Plaintiff seeks an award of attorney's fees as permissible by Md. Rule 2-702 and 2-703 and other applicable authorities; and

   j. Such other relief as the Court may deem appropriate or as may be uncovered through further investigation and discovery.

## COUNT II: NEGLIGENT RETENTION AND SUPERVISION

58. The preceding paragraphs are incorporated by reference as if set forth in their entirety herein.

59. Defendants knew or should have known that within the scope of their employment, disc jockeys such as "DJ Willie B" will frequently interact with minors, including minor girls who may be susceptible to infatuation and grooming by persons in this position.

60. Defendants had a duty to properly vet and retain only individuals who would safely interact with such minors and who would not exploit them.

61. Defendants had a duty to properly monitor and supervise the interactions of its employees (more particularly disc jockeys) to make sure they were not using their stature for improper interactions with minors, such as sexual abuse.

62. Defendants had a duty to ensure that minors who visited its B-104 radio station were appropriately supervised and safe, and that those in charge of such minors were likewise appropriately supervised.

63. Defendants had a duty to terminate employment of any disc jockey whom it knew or should have known or suspected to have engaged in grooming or inappropriate relationships with underage girls.

64. Defendants knew or should have known the events complained of herein were occurring, both with respect to Plaintiff and other underaged girls, and breached these duties and others that may become apparent through further investigation and discovery.

65. Had Defendants not failed in these duties, the sexual abuse of Plaintiff by "DJ Willie B" would not have occurred.

66. As a direct and proximate result of these breaches of care, or any one or more of them, Plaintiff was harmed and suffered losses as follows:

    a. Physical injuries and/or disfigurement, past and continuing into the future;

    b. Severe emotional distress, past and continuing into the future;

    c. Expenses relating to medical care and treatment, past and continuing into the future;

    d. Lost wages and lost opportunities, past and continuing into the future;

    e. Other economic losses, past and continuing into the future;

    f.    Loss of enjoyment of life, past and continuing into the future;

    g.    Litigation fees and expenses;

    h.    Prejudgment and post-judgment interests at the legally prescribed rates;

    i.    Plaintiff seeks an award of attorney's fees as permissible by Md. Rule 2-702 and 2-703 and other applicable authorities; and

    j.    Such other relief as the Court may deem appropriate or as may be uncovered through further investigation and discovery.

## COUNT III: PREMISES LIABILITY

67. The preceding paragraphs are incorporated by reference as if set forth in their entirety herein.

68. Plaintiff was a tenant or invitee of Defendants while on the premises of their B-104 radio station as described herein.

69. As such, Defendants owed Plaintiff a duty of reasonable care under all circumstances in the management, oversight, and operation of its facility/premises. This included a duty to employ reasonable measures to protect Plaintiff against foreseeable dangers such as sexual abuse by their employee disc jockey.

70. Defendants knew or should have known of the risk that their staff/employee/agent disc jockey might sexually abuse tenants/invitees such as Plaintiff, and therefore had a duty to take reasonable measures to eliminate the conditions contributing to sexual abuse.

71. Defendants had a specific and non-delegable duty to provide reasonable security measures to eliminate conditions contributing to foreseeable harm such as sexual abuse.

72. Upon information and belief, Defendants had prior or concurrent knowledge of sexual abuse occurring on its premises, as evidenced by the events above. This created a duty to eliminate the risk that sexual abuse would recur.

73. In the alternative, Defendants had a duty to prevent sexual abuse by any person whom they knew or should have known had sexual predatory tendencies; including but not limited to Mr. Naftel aka "DJ Willie B".

74. In the alternative, Defendants had a duty to prevent sexual abuse of underage girls based on their knowledge of like events occurring at other radio stations prior to the sexual abuse of Plaintiff, all of which made imminent harm to her foreseeable.

75. Defendants breached these duties and created a foreseeable risk of harm by, among other things:

    a. Failing to properly protect Plaintiff, a minor, from sexual abuse;

    b. Failing to properly vet their staff/employees/agents to ensure they did not present a risk of sexually abusing Plaintiffs and others who may visit their premises or be entrusted into their care;

    c. Failing to investigate, correct, and/or otherwise rectify the environment which presented a risk that sexual abuse could occur;

    d. Failing to supervise, monitor, and/or train staff to prevent sexual abuse;

    e. Failing to have (or to enforce) policies prohibiting unsupervised interactions between minors and adults;

    f. Failing to establish complaint procedures for guests/invitees or for staff to report incidents suggestive of sexual abuse;

    g.    Failing to monitor, supervise or control access upon their premises through video surveillance, security personnel, sign-in sheets, parental consent forms, or other measures designed to control or monitor the events occurring on the premises;

    h.    In such other ways as may become apparent through further investigation and discovery.

76. As a direct and proximate result of these breaches of care, or any one or more of them, Plaintiff was harmed and suffered losses as follows:

    a.    Physical injuries and/or disfigurement, past and continuing into the future;

    b.    Severe emotional distress, past and continuing into the future;

    c.    Expenses relating to medical care and treatment, past and continuing into the future;

    d.    Lost wages and lost opportunities, past and continuing into the future;

    e.    Other economic losses, past and continuing into the future;

    f.    Loss of enjoyment of life, past and continuing into the future;

    g.    Litigation fees and expenses;

    h.    Prejudgment and post-judgment interests at the legally prescribed rates;

    i.    Plaintiff seeks an award of attorney's fees as permissible by Md. Rule 2-702 and 2-703 and other applicable authorities; and

    j.    Such other relief as the Court may deem appropriate or may be uncovered through further investigation and discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants in an amount exceeding $75,000 to be determined by a jury, inclusive of all compensatory damages, and pre- and post-

judgment interest, together with costs, attorney's fees, and expenses, and such further relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY PURSUANT TO MD RULE 2-325.**

Respectfully submitted,

Jane Doe, by Counsel

/s/ Daniel C. Scialpi

/s/ Samuel A. Martin
Patrick A. Malone, Esq. (Bar No. 8512010394)
Samuel A. Martin, Esq. (Bar No. 2408011002)
Daniel C. Scialpi, Esq. (Bar No. 0912170146)
Patrick Malone & Associates, PC
1310 L Street, N.W., Suite 800
Washington, DC  20005
Phone: (202) 742-1500
Fax: (202) 742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com
smartin@patrickmalonelaw.com

/s/ Sharon F. Iskra
Sharon F. Iskra (WV Bar No. 6582)
(proceeding *pro hac vice*)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV  25301
Telephone: (304) 345-6555
siskra@baileyglasser.com

14